UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
ZHANG, et al., :
:
                   Plaintiffs, : No. 17-CV-5415 (JFK) (OTW)
:
      -against- : **OPINION AND ORDER**
:
CITY OF NEW YORK, et al., :
:
                   Defendants. :
:
:
------------------------------------------------------------x

ONA T. WANG, United States Magistrate Judge:

The Court is in receipt of the parties' letters at ECF 105, 106, 107, 108, 109, 112, 113, 114, 115, 116, and 117, filed following the May 1, 2018 conference, and resolves the remaining issues as follows:

1. Plaintiff's request to extend the discovery deadline to August 3, 2018 (ECF 115) is GRANTED.

2. Defendants' renewed motion to bifurcate discovery related to Plaintiffs' *Monell* claims, and to stay any *Monell* discovery pending resolution of Plaintiffs' underlying claims (ECF 106), is GRANTED. The Court notes its concerns with Defendants' compliance with its discovery obligations with respect to *Monell* discovery, including: 1) their refusal to engage with Plaintiff earlier to seek consent on bifurcation and 2) their unilateral decision not to investigate whether responsive documents relevant to these, and other claims, exist, while at the same time representing that "Defendant[s] [are] not in possession" of these documents (*See* Transcript of May 1, 2018 Conference (ECF 110), at 50-51, 53-

54; ECF 105). This conduct wasted Plaintiff's time and judicial resources on discovery disputes, and may result in the loss of discovery material relevant to Plaintiff's claims. Because it appears that Defendants have not provided Plaintiffs with any *Monell* discovery to date, there is no prejudice to Defendants to bifurcating at this late date, while allowing the parties additional time to pursue discovery relevant to Plaintiff's other claims (*See* ¶ 1). Defendants are reminded that their pending motion to dismiss and this limited stay of discovery does not relieve them of their obligation to preserve evidence related to Plaintiff's *Monell* claim, or any other claim. *See Stinson v. City of New York*, 10-CV-4228, 2016 WL 54684, at *4 (S.D.N.Y. Jan. 5, 2016) ("The obligation to preserve evidence arises when a party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"), *citing Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *Hood v. City of New York*, 739 F. Supp. 196, 201 (S.D.N.Y. 1990) ("Furthermore, since, as this Court has found, the City should have anticipated a *Monell* claim . . . the City should have taken steps to preserve evidence related to such a claim.").

3. Plaintiff's request to take the following depositions is GRANTED:
    a. The following officers, as stated on the record at the last conference by Defendants' counsel: "the two officers that [Defendants have previously] proffered for deposition [and] the seven officers in the investigation report" (ECF 110 at 79:5). If Officer Elliston is one of the aforementioned

two officers, he does not need to be produced for an additional deposition. By June 18, 2018, Defendants shall file a letter with the Court with the names and agreed-upon deposition dates of these officers.  If, after taking the depositions of these officers, Plaintiff still wishes to take the depositions of any of the ten officers identified in Plaintiff's June 1, 2018 letter (ECF 115, at 2), Plaintiff shall promptly seek defense counsel's consent. If the parties are not able to come to an agreement, Plaintiff shall promptly file a letter that identifies the officers Plaintiff wishes to depose and that sets forth specific reasons why the additional officers' testimony is relevant to Plaintiff's claims and not duplicative of the prior deposition testimony.

   b. Inmates Juan Requena, DIN 16R1599 and Zhuo Liu, DIN 16R1072.  It is HEREBY ORDERED that the Warden in charge of the Correctional Facilities housing these individuals produce the inmates for said depositions to locations within the facilities that will enable Plaintiff's counsel to take the inmates' depositions. If Plaintiff needs any other Order from the Court in order to facilitate the taking of these depositions, he is to submit a proposed Order for this Court's review no later than June 18, 2018.

4. Plaintiff's request that Defendants produce PT Maria Christina Pillora for deposition is DENIED.  Defendants shall provide Plaintiff's counsel with the last known contact address and phone number for August Physical Therapy, which

Defendants have represented is the non-party subcontractor at Rikers Island in 2016 that employed PT Pillora (ECF 113), by June 18, 2018.

5. Plaintiff's motion to compel the 30(b)(6) depositions of Defendants is denied without prejudice to Plaintiff re-serving a 30(b)(6) notice that complies with Federal Rule of Civil Procedure 30(b)(6), by June 18, 2018.

6. Defendants shall make good faith efforts to identify the author of the "NYCDOC's Investigation Report," as requested in Plaintiff's June 1, 2018 Letter (ECF 115), and respond to Plaintiff's request by June 18, 2018.

7. Defendants shall produce the following documents referenced in Officer Elliston's testimony, in Plaintiff's letters dated May 22, 2018 and June 1, 2018, and in Defendants' letter dated June 1, 2018 (ECF 114, at 2; ECF 115, at 2; ECF 116, at 2): "the documents of bed numbers, bed charts with numbers and the inmate's logbook" in the areas of the prison where Plaintiff lived during his period of incarceration, by June 18, 2018. If the documents cannot be produced, Defendants shall provide Plaintiff with a sworn statement explaining how the documents were maintained by the prison, including any policies related to their retention and destruction, and which explains why the documents cannot be produced.

8. Defendants shall produce to Plaintiff the "Video Surveillance Footage and/or tapes, including electronic files and other data" depicting the dormitory where Plaintiff was housed during the six time periods identified in Plaintiff's letter dated June 1, 2018 (ECF 115, at 2), by June 18, 2018. If the material no longer

exists, Defendants shall provide Plaintiff with a sworn statement to that effect which identifies (a) the date of their destruction and the circumstances by which the materials were destroyed, (b) the efforts that were made to preserve and/or recover the materials, and when and by whom these efforts were made, (c) the document retention and destruction policies under which they were destroyed, and (d) whether any litigation hold was issued by the defendants with respect to these materials.

9. Defendants shall produce to Plaintiff "all phone recordings made by and between the decedent Zhiquan Zhang and his family and friends," referenced in Plaintiff's June 1, 2018 Letter (ECF 115, at 2), by June 18, 2018. If the material no longer exists, Defendants shall provide Plaintiff with a sworn statement to that effect which identifies (a) the date of their destruction and the circumstances by which the materials were destroyed, (b) the efforts that were made to preserve and/or recover the materials, and when and by whom these efforts were made, (c) the document retention and destruction policies under which they were destroyed, and (d) whether any litigation hold was issued by the defendants with respect to these materials.

10. Defendants shall respond to Plaintiff's pending discovery requests, identified in Plaintiffs June 1, 2018 Letter (ECF 115, at 1), by June 21, 2018.

11. Defendant's filing at ECF 107 is hereby stricken from the docket. Defendants are to produce to Plaintiff a revised privilege log that complies with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York

5

and serve it on Plaintiff by June 21, 2018. Documents may not be withheld from production based on a claim of confidentiality; confidential documents must be produced pursuant to an agreed-upon protective order. If Defendants fail to comply with this Order, the Court will entertain a motion for waiver of any and all assertions of privilege.

12. The Court notes that Plaintiff's counsel's letter dated June 1, 2018 appears to be in 10-point type. The parties are hereby ordered that all future filings in this action are to comply with Local Civil Rule 11.1, which requires all filings with the Court to be in 12-point type or larger. If any party wishes to file documents beyond the page limits imposed by the Court's Rules, they must seek the Court's permission in advance, and state whether the application is on consent of their adversary.

13. Counsel for the parties shall attend a discovery conference on **July 12, 2018 at 11:00 a.m.** at the Daniel Patrick Moynihan Courthouse, 500 Pearl St., Courtroom 20D, to address the status of discovery. If there are any discovery disputes to be addressed, the parties shall file a joint letter on **July 6, 2018** setting forth what efforts were made to resolve the disputes without court intervention and the parties' respective positions on each issue, and which attaches any material that would aid the Court's resolution of the dispute(s). The joint letter shall also propose a briefing schedule on Plaintiff's proposed motion for sanctions.

The Clerk of the Court is respectfully directed to close Docket Items 106 and 115.

**SO ORDERED.**

Dated: New York, New York
June 5, 2018

                                             *s/ Ona T. Wang*
                                             **Ona T. Wang**
                                             United States Magistrate Judge