UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                       :
ZHANG, et al.,                                   :

                          Plaintiffs,        :   No. 17-CV-5415 (JFK) (OTW)

                     -against-             :   **OPINION & ORDER**

CITY OF NEW YORK, et al.,          :

                         Defendants.       :
------------------------------------------------------------x

ONA T. WANG, United States Magistrate Judge:

Plaintiffs' motion for reconsideration (ECF 142) of the Court's Order directing Plaintiffs to produce all correspondence with Mr. Requena is **DENIED**.

As an initial matter, Plaintiffs' application is untimely – it was filed four days after Plaintiffs' counsel was directed to submit their position on the discoverability of the subject documents, and hours after the deadline set by the Court for Plaintiffs to produce the documents to Defendants' counsel (*See* ECF 141). Further, Plaintiffs' claims of work product protection are conclusory, unsupported by any facts, and are not accompanied by a privilege log. *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) ("The party invoking the [work product] privilege bears the heavy burden of establishing its applicability."); *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (a party claiming the protection of a privilege bears the burden of "establish[ing] those facts that are the essential elements of the privileged relationship."). Indeed, the facts that Plaintiffs' counsel has provided to the Court, that he first interviewed Mr. Requena, an individual who was, at some time, incarcerated with the decedent, in 2016 "in anticipation of litigation," do not

demonstrate that counsel's communications with this third party fact witness are protected by the work product doctrine. *See, e.g., Ricoh Co., Ltd. v Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003).

**Accordingly, Plaintiffs shall produce to Defendants all correspondence between Plaintiffs' counsel, including David Yan, Esq., and Juan Requena, aka "Carlos," by close of business on August 31, 2018. If counsel fails to comply with this Order, counsel will be assessed a sanction of $50 per day, beginning on September 1, 2018, for each day that counsel fails to comply with this Order.** *See* **Fed. R. Civ. P. 16(f); 28 U.S.C. § 1927**.

With respect to Plaintiffs' counsel's failure to schedule the deposition of Mr. Requena, counsel for both parties are reminded that the fact and expert discovery deadline is September 28, 2018. If Mr. Requena's deposition is not completed by the discovery deadline, the Court may entertain a motion for sanctions, including one seeking preclusion, with respect to Mr. Requena's testimony.

**SO ORDERED.**

Dated: New York, New York
August 30, 2018

                                                                       *s/ Ona T. Wang*
                                                                       **Ona T. Wang**
                                                                       United States Magistrate Judge