```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
MAN ZHANG and CHUNMAN ZHANG,     :
individually, and as             :
ADMINISTRATORS of the estate of  :
ZHIQUAN ZHANG, deceased,         :
                                 :
               Plaintiffs,       :
                                 :
     -against-                   :
                                 :
THE CITY OF NEW YORK, et al.,    :
                                 :
               Defendants.       :
-------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/20/2020

No. 17 Civ. 5415 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFFS:
    David Yan, LAW OFFICES OF DAVID YAN

FOR DEFENDANTS:
    Daniel G. May, Joseph E. Shmulewitz, Laura A. Del Vecchio,
    Gabrielle L. Apfel, Ryan M. Cleary, Tucker C. Kramer,
    HEIDELL, PITTONI, MURPHY & BACH, LLP

**JOHN F. KEENAN, United States District Judge:**

    Plaintiffs Man Zhang and Chunman Zhang, individually and as Administrators of the estate of their father, Zhiquan Zhang ("Mr. Zhang"), (collectively, "Plaintiffs") bring a motion for reconsideration of the Court's September 19, 2019 Opinion & Order ("the September 19, 2019 Order," ECF No. 198) which denied Plaintiffs' motion for leave to file an amended complaint against Defendants the City of New York and certain other entities and individuals (collectively, "Defendants") whom Plaintiffs believe are liable for Mr. Zhang's death while he was a pretrial detainee at Rikers Island prison.  For the reasons

1

set forth below, Plaintiffs' motion for reconsideration is DENIED.

## I. Background

### A. Factual Allegations

The Court assumes familiarity with the facts of this case as stated in the September 19, 2019 Order, Man Zhang v. City of New York, No. 17 Civ. 5415 (JFK), 2019 WL 4513985 (S.D.N.Y. Sept. 19, 2019) ("Zhang II"), and the Court's June 28, 2018 Opinion & Order, ECF No. 126, Man Zhang v. City of New York, No. 17 Civ. 5415 (JFK), 2018 WL 3187343 (S.D.N.Y. June 28, 2018) ("Zhang I"), which granted in part and denied in part Defendants' motion to dismiss the Complaint.  To briefly summarize, following his arrest in April 2015 on unspecified charges, Mr. Zhang was detained at Rikers Island to await trial.  Over the next year, Mr. Zhang—who had a history of hypertension and coronary disease—frequently complained of pain in his chest, left arm, and lower back.  Tragically, on April 18, 2016, Mr. Zhang died while still in pretrial custody of what an autopsy later determined was hypertensive and atherosclerotic cardiovascular disease.

### B. Procedural History

On July 17, 2017, Plaintiffs initiated this action against Defendants by filing a complaint that asserted causes of action for (1) violations of the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution; (2) wrongful death; (3) deprivation of Mr. Zhang's society, services, and parental guidance; (4) discrimination; (5) negligence and malpractice; (6) negligent supervision; (7) intentional and negligent infliction of emotional distress; and (8) fraudulent concealment. (ECF No. 1.)

On June 28, 2018, the Court dismissed all of Plaintiffs' claims except for their wrongful death, negligence, and malpractice claims against all defendants, and their Fourteenth Amendment due process claim against the City of New York ("the City"), Corizon Health, Inc. ("Corizon"), and certain of the City's and Corizon's departments, employees, and agents. See Zhang I, 2018 WL 3187343, at *13.

On October 8, 2018, Plaintiffs filed a motion for leave to amend their complaint to reinstate (1) their Fourteenth Amendment due process claim against certain New York City Correction Officers ("NYCCO Does 1–10") and New York City Mayor Bill de Blasio, then-New York City Department of Correction Commissioner Joseph Ponte, then-New York City Health and Hospitals Corporation ("NYCHHC") President Ram Raju, NYCHHC Senior Vice President Patsy Yang, and Corizon Chief Executive Officer Karey Witty (collectively, "the Supervisory Defendants"); and (2) their negligent supervision and fraudulent concealment claims against all defendants. (ECF No. 171.)

3

On September 19, 2019, the Court denied Plaintiffs' motion for leave to amend as futile. See Zhang II, 2019 WL 4513985, at *6. Regarding Plaintiffs' Fourteenth Amendment claim against NYCCO Does 1-10, the Court ruled that Plaintiffs' proposed amendments again failed to satisfy the "mens rea prong" of a cause of action for deliberate indifference. Id. at *2-3. Regarding the Supervisory Defendants, the Court ruled that Plaintiffs again failed to adequately allege each individual defendants' personal involvement in a violation of Mr. Zhang's constitutional rights, as well as the proximate cause and intentional discrimination elements of a Fourteenth Amendment due process claim. Id. at *3-5. Regarding Plaintiffs' negligent supervision claim, the Court ruled that Plaintiffs' proposed amendments failed to adequately allege that Defendants were aware of certain complaints before Mr. Zhang's death, nor that the complaints related to any action on the part of employees who had contact with Mr. Zhang or to the types of behavior and deficiencies that allegedly led to his death. Id. at *5. Finally, the Court rejected Plaintiffs' proposed amended fraudulent concealment claim because it again failed to plausibly allege justifiable reliance. Id. at *6.

On October 17, 2019, Plaintiffs moved for reconsideration of the September 19, 2019 Order. (ECF No. 213.)

**II. Discussion**

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir.

5

2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced").

Plaintiffs' motion for reconsideration is without merit. First, Plaintiffs do not point to any intervening change of controlling law or any controlling decision or data that the Court overlooked. Rather, Plaintiffs casually assert that the September 19, 2019 Order will inflict manifest injustice on them, and they rehash their prior argument that the sufficiency of their claims is a question to be resolved by a jury, not the Court. (Compare Pls.' Reply Mem. of Law in Further Supp. Mot. for Leave to Amend Compl. at 3, 4, ECF No. 178, with Pls.' Mem. in Supp. Mot. for Reconsideration at 4, 5, ECF No. 214.). The Court is not persuaded. As the Second Circuit recently reiterated, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Lynch v. City of New York, 952 F.3d 67, 74 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (alterations in original). "To present a plausible claim, the 'pleading must contain something more . . . than . .

6

. a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (alterations in original).

Second, Plaintiffs' assertion that the September 19, 2019 Order results in manifest injustice is not credible.  Plaintiffs have not identified any cases, well-pleaded allegations, or other data that the Court overlooked in its prior judgment, nor any need to correct a clear error.  Indeed, Plaintiffs' troubling Fourteenth Amendment claims against the City of New York, New York City Department of Correction, Rikers Island prison, NYCHHC, and Corizon all survive, as well as their wrongful death, negligence, and malpractice claims against all defendants, including NYCCO Does 1-10 and the Supervisory Defendants.  Accordingly, the Court shall not reconsider its finding that Plaintiffs' proposed amended complaint would not survive a comparable motion to dismiss brought by Defendants, and the Court will not reinstate Plaintiffs' deficient claims, each of which arise out of the same allegedly tortious conduct as their surviving claims. Accord Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 213.

**SO ORDERED.**

Dated:  New York, New York
        July 20, 2020

_____
John F. Keenan
United States District Judge