UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
MAN ZHANG and CHUNMAN ZHANG,    :
individually, and as            :
ADMINISTRATORS of the estate of :
ZHIQUAN ZHANG, deceased,        :
                                :
                    Plaintiffs, :    No. 17 Civ. 5415 (JFK)
                                :
      -against-                 :            **ORDER**
                                :
THE CITY OF NEW YORK, et al.,   :
                                :
                    Defendants. :
------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/2020

**JOHN F. KEENAN, United States District Judge:**

On October 2, 2019, Plaintiffs filed a motion, ECF No. 202, to set aside Magistrate Judge Wang's August 20, 2019 Opinion & Order granting in part and denying in part a motion by Plaintiffs for sanctions for spoliation of evidence, ECF No. 190. However, on August 17, 2020, Magistrate Judge Wang granted Defendants' motion for reconsideration of her August 20, 2019 decision, supra, and denied Plaintiffs' motion for sanctions in its entirety, ECF No. 234.

The following day, August 18, 2020, Plaintiffs filed a notice of appeal to the Second Circuit, ECF No. 235, challenging the following five decisions: (1) this Court's June 28, 2018 decision granting in part and denying in part Defendants' motion to dismiss, ECF No. 126; (2) Magistrate Judge Wang's August 20, 2019 spoliation decision, supra, ECF No. 190; (3) this Court's September 19, 2019 decision denying Plaintiffs' motion for leave

1

to file an amended complaint, ECF No. 198; (4) this Court's July 20, 2020 decision denying Plaintiffs' motion for reconsideration, ECF No. 233; and (5) Magistrate Judge Wang's August 17, 2020 spoliation reconsideration decision, supra, ECF No. 234.

Apparently undeterred by the fact that Plaintiffs had already petitioned the Second Circuit to rule on their objections to Magistrate Judge Wang's August 17, 2020 decision (among others), on August 31, 2020, Plaintiffs moved this Court to set aside that same decision by Magistrate Judge Wang, ECF No. 236.

As a general matter, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).  Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id.  Accordingly, the Court is of the opinion that it does not have the jurisdiction to decide any of Plaintiffs' pending motions until the Circuit has remanded the case.

Before the Court makes that finding, however, once again delaying any resolution of this approximately three-and-a-half

year case, the parties are hereby ORDERED to individually file letters of no more than three pages addressing whether the Court has jurisdiction to decide any of the unresolved motions currently pending in this litigation. The parties' letters must be filed to the docket by no later than 5:00 p.m. on November 13, 2020. Sur-replies are not permitted.

**SO ORDERED.**

Dated:   New York, New York
        November 2, 2020

                                              John F. Keenan
                                    United States District Judge

3