```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
MAN ZHANG and CHUNMAN ZHANG,    :
individually, and as            :
ADMINISTRATORS of the estate of :
ZHIQUAN ZHANG, deceased,        :
                                :
             Plaintiffs,         :
                                :
     -against-                  :
                                :
THE CITY OF NEW YORK, et al.,   :
                                :
             Defendants.        :
------------------------------- X
```

┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____ │
│ DATE FILED: 03/24/2021      │
└─────────────────────────────┘

No. 17 Civ. 5415 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFFS:
    David Yan
    LAW OFFICES OF DAVID YAN

FOR DEFENDANTS:
    Gabrielle L. Apfel
    Joseph E. Shmulewitz
    HEIDELL, PITTONI, MURPHY & BACH, LLP

**JOHN F. KEENAN, United States District Judge:**

Plaintiffs Man Zhang and Chunman Zhang, individually and as

Administrators of the estate of their father, Zhiquan Zhang

("Mr. Zhang"), (collectively, "Plaintiffs") bring suit against

the City of New York and certain other entities and individuals

(collectively, "Defendants") for Mr. Zhang's wrongful death

while he was a pretrial detainee at Rikers Island prison.

Before the Court are Plaintiffs' motions pursuant to Federal

Rule of Civil Procedure 72(a) objecting to and requesting this

Court set aside the following three orders by Magistrate Judge

1

Wang, who is supervising discovery in this protracted, nearly four-year-old action: (1) Magistrate Judge Wang's August 20, 2019 Opinion & Order which granted in part and denied in part a motion by Plaintiffs for sanctions for spoliation of evidence (ECF No. 190); (2) Magistrate Judge Wang's October 29, 2019 ruling during a conference with the parties that Defendants did not have a duty to preserve 90 days of video footage from all approximately 2,000 cameras at Rikers Island prison (ECF No. 228); and (3) Magistrate Judge Wang's August 17, 2020 Opinion & Order which granted Defendants' motion for reconsideration of her August 20, 2019 decision and denied Plaintiffs' motion for sanctions in its entirety (ECF No. 234).

For the reasons set forth below, Plaintiffs' objections are OVERRULED and their motions to set aside are DENIED.

I.   Background

    A.   Factual Allegations

The Court assumes familiarity with the facts of this case as stated in the Court's June 28, 2018 Opinion & Order which granted in part and denied in part Defendants' motion to dismiss the Complaint, Man Zhang v. City of New York, No. 17 Civ. 5415 (JFK), 2018 WL 3187343 (S.D.N.Y. June 28, 2018) ("Zhang I"), and the Court's September 19, 2019 Opinion & Order which denied Plaintiffs' motion for leave to file an amended complaint, Man Zhang v. City of New York, No. 17 Civ. 5415 (JFK), 2019 WL

2

4513985 (S.D.N.Y. Sept. 19, 2019) ("Zhang II").  To briefly

summarize, following his arrest in April 2015 on unspecified

charges, Mr. Zhang was detained at Rikers Island to await trial.

Over the next year, Mr. Zhang—who had a history of hypertension

and coronary disease—frequently complained of pain in his chest,

left arm, and lower back.  Tragically, on April 18, 2016, Mr.

Zhang died while still in pretrial custody of what an autopsy

later determined was hypertensive and atherosclerotic

cardiovascular disease.

### B.  Procedural History

On July 17, 2017, Plaintiffs initiated this action against

Defendants by filing a complaint asserting causes of action for

violations of the Fifth, Eighth, and Fourteenth Amendments to

the United States Constitution; wrongful death; deprivation of

Mr. Zhang's society, services, and parental guidance;

discrimination; negligence and malpractice; negligent

supervision; intentional and negligent infliction of emotional

distress; and fraudulent concealment.  Defendants subsequently

moved to dismiss, and on June 28, 2018, this Court granted in

part Defendants' motion, dismissing all of Plaintiffs' claims

except for their wrongful death, negligence, and malpractice

claims against all defendants, and their Fourteenth Amendment

due process claim against the City of New York, Corizon Health,

Inc., and certain of the City's and Corizon's departments,
employees, and agents. See Zhang I, 2018 WL 3187343, at *13.

On October 8, 2018, Plaintiffs filed a motion for leave to
amend their complaint to reinstate their Fourteenth Amendment
due process claim against certain individuals and their
negligent supervision and fraudulent concealment claims against
all defendants.  On September 19, 2019, however, this Court
denied Plaintiffs' motion as futile, Zhang II, 2019 WL 4513985,
at *6, and on July 20, 2020, it denied Plaintiffs' subsequent
motion for reconsideration, Man Zhang v. City of New York, No.
17 Civ. 5415 (JFK), 2020 WL 4059939, at *3 (S.D.N.Y. July 20,
2020).

As relevant here, contemporaneous to the parties' motion
practice over the viability of Plaintiffs' claims, the parties
engaged in discovery under the pretrial supervision of
Magistrate Judge Wang.  On August 20, 2019, Magistrate Judge
Wang granted in part and denied in part a motion by Plaintiffs
seeking sanctions for Defendants' alleged failure to preserve
certain documents and information, including video surveillance
footage and telephone recordings. See Man Zhang v. City of New
York, No. 17 Civ. 5415 (JFK) (OTW), 2019 WL 3936767, at *1
(S.D.N.Y. Aug. 20, 2019).  Magistrate Judge Wang denied
Plaintiffs' request for entry of a default judgment or an
adverse inference instruction because nothing in the record

4

suggested that Defendants destroyed evidence in bad faith or with an intent to deprive, but she granted Plaintiffs' request for sanctions in the form of the attorneys' fees and costs they incurred litigating their spoliation motion because, Magistrate Judge Wang concluded, Defendants had a duty to preserve certain video surveillance footage and telephone recordings. See id. at *5, *10.

On September 3, 2019, Plaintiffs sought leave from this Court to file a motion pursuant to Federal Rule of Civil Procedure 72(a) to set aside Magistrate Judge Wang's August 20, 2019 decision. (ECF No. 193.) The following day, this Court set a briefing schedule for such a motion. (ECF No. 194.) Plaintiffs' motion to set aside was fully submitted on November 15, 2019. (ECF Nos. 202–05, 217–18, 222–23.)

On September 6, 2019, however, Defendants filed a motion addressed to Magistrate Judge Wang seeking reconsideration of her findings regarding Defendants' duty to preserve and her award of Plaintiffs' attorneys' fees and costs. (ECF No. 196.) On October 29, 2019, the parties appeared for a conference before Magistrate Judge Wang during which she explained that Defendants' motion for reconsideration raised new facts that were not included in their original opposition to Plaintiffs' motion for sanctions, but which would have been helpful to her analysis of Defendants' duty to preserve. (Tr. at 3:6–15, ECF

5

No. 228.)   During the conference, Magistrate Judge Wang ruled

that, contrary to Plaintiffs' argument opposing reconsideration,

Defendants did not have a duty to preserve 90 days of video

footage from all approximately 2,000 cameras at Rikers Island

prison.   (Tr. at 34:5–35:4; Opinion & Order at 2 n.2, 12, ECF

No. 234.)   Magistrate Judge Wang ordered the parties to provide

supplemental briefing.   (Tr. at 27:22–29:1; Order, ECF No. 219.)

Defendants' motion for reconsideration was fully submitted on

February 13, 2020.   (ECF Nos. 196–97, 200, 230–32.)

On November 12, 2019, Plaintiffs filed a letter motion

addressed to this Court objecting to Magistrate Judge Wang's

ruling during the October 29, 2019 conference that Plaintiffs'

filing of a so-called "notice of claim" did not automatically

impose a duty on Defendants to preserve all surveillance videos

at Rikers Island prison for a 90-day retention period.   (ECF No.

221.)   Plaintiffs' November 12, 2019 letter motion appears to be

an effort to sidestep Magistrate Judge Wang's clear warning to

Plaintiffs' counsel during the conference that if he moved for

reconsideration of this finding of hers regarding Defendants'

duty to preserve, and if that request was subsequently denied,

she would assess costs and attorneys' fees against him for

bringing a wholly meritless motion.[1]   (Tr. at 35:16–37:8.)

_____

[1] This Court agrees that such costs and fees would be warranted against
Plaintiffs' counsel. See generally Int'l Techs. Mktg., Inc. v. Verint

On August 17, 2020, Magistrate Judge Wang granted Defendants' motion for reconsideration. See Zhang v. City of New York, No. 17 Civ. 5415 (JFK) (OTW), 2020 U.S. Dist. LEXIS 148031, at *2 (S.D.N.Y. Aug. 17, 2020).[2]  Magistrate Judge Wang concluded that "[i]t would be manifestly unjust to require Defendants to reimburse Plaintiffs' counsel for causing years of litigation over video and audio recordings that were destroyed in the normal course, where Plaintiffs failed to give sufficient and reasonable notice to Defendants at any time before the [electronically stored information] was destroyed." Id. at *16. Accordingly, Magistrate Judge Wang denied Plaintiffs' spoliation motion in its entirety. See id.

The following day, August 18, 2020, Plaintiffs filed a notice of appeal to the Second Circuit challenging Magistrate Judge Wang's spoliation reconsideration decision as well as four other decisions to which Plaintiffs objected: (1) this Court's June 28, 2018 decision granting in part and denying in part Defendants' motion to dismiss; (2) Magistrate Judge Wang's

---

Sys., Ltd., --- F.3d ---, No. 19-1031, 2021 WL 968819, at *5 (2d Cir. Mar. 16, 2021) (explaining that a party's "prosecution of a knowingly frivolous claim" which multiplies the proceedings or causes a court to expend considerable time and effort that could have been devoted elsewhere is "plainly serious enough to support a discretionary award of sanctions").  However, as there is no indication that any action was taken by Defendants in response to Plaintiffs' meritless letter motion to this Court, this Court will not impose such sanctions against Plaintiffs' counsel at this time.

[2] This decision does not appear in the Westlaw database.

original spoliation decision issued on August 20, 2019; (3) this

Court's September 19, 2019 decision denying Plaintiffs' motion

for leave to file an amended complaint; and (4) this Court's

July 20, 2020 decision denying Plaintiffs' motion for

reconsideration.  (ECF No. 235.)

Apparently undeterred by their pending request to the

Second Circuit to overrule Magistrate Judge Wang's August 17,

2020 decision (among others), on August 31, 2020, Plaintiffs

moved this Court to set aside that same order pursuant to

Federal Rule of Civil Procedure 72(a).  (ECF Nos. 236–38.)

Defendants opposed Plaintiffs' motion on October 14, 2020.  (ECF

No. 239.)  On October 28, 2020, Plaintiffs filed a letter

objecting to the timeliness of Defendants' opposition.  (ECF No.

240.)  Two days later, Defendants filed a letter arguing that

their opposition was timely or, in the alternative, requesting

that this Court accept their response because Plaintiffs were

not prejudiced by the delayed filing and Defendants' objections

warranted consideration.  (ECF No. 241.)

On November 2, 2020, this Court ordered the parties to file

letters addressing whether Plaintiffs' spontaneous appeal

divested this Court of jurisdiction to decide any of Plaintiffs'

outstanding motions.  (ECF No. 242.)  On November 25, 2020,

Plaintiffs filed a letter explaining that they intended to

withdraw their appeal.  (ECF No. 246.)  Plaintiffs did so, and

on December 3, 2020, the Second Circuit remanded the case. (ECF No. 247.)

On March 10, 2021, this Court granted Defendants' request to deem their opposition as timely filed. (ECF No. 248.) The following week, Plaintiffs filed a reply in further support of their motion to set aside Magistrate Judge Wang's August 17, 2020 decision. (ECF No. 250.)

## II. Discussion

"Federal Rule of Civil Procedure 72(a) governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings." Sec. & Exch. Comm'n v. Rio Tinto PLC, No. 17 Civ. 7994 (AT) (DCF), 2021 WL 807020, at *1 (S.D.N.Y. Mar. 3, 2021). Pursuant to Rule 72(a), when a party objects to a magistrate judge's non-dispositive order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A district court evaluating a magistrate judge's order with respect to a matter not dispositive of a claim or defense may adopt the magistrate judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law." Pegoraro v. Marrero, 281 F.R.D. 122, 125 (S.D.N.Y. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon review of the factual record in this litigation, including the parties' respective papers and arguments submitted in connection with Plaintiffs' request for sanctions for spoliation of evidence and Defendants' request for reconsideration; Magistrate Judge Wang's thoughtful and well-reasoned Opinions & Orders dated August 20, 2019, (ECF No. 190) and August 17, 2020, (ECF No. 234); the transcript of the parties' October 29, 2019 conference before Magistrate Judge Wang (ECF No. 228); and applicable legal authorities, this Court concludes that the findings, reasoning, and legal support for Magistrate Judge Wang's denial of Plaintiffs' motion for sanctions are not clearly erroneous or contrary to law and are thus warranted.  Accordingly, for substantially the same reasons set forth in Magistrate Judge Wang's written decisions and her statements on the record, this Court adopts Magistrate Judge Wang's oral order of October 29, 2019, and her written orders dated August 20, 2019, and August 17, 2020, in their entirety. Plaintiffs' request to set aside Magistrate Judge Wang's decisions are DENIED; Plaintiffs' request for sanctions for alleged spoliation of evidence is DENIED; and each side is to bear their own costs.

## III.  Conclusion

For the reasons set forth above, Plaintiffs' objections to Magistrate Judge Wang's oral and written orders of August 20,

2019, October 29, 2019, and August 17, 2020, are OVERRULED, and their motions to set aside the orders are DENIED.

The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 202, 221, and 236.

**SO ORDERED.**

Dated:   New York, New York
          March 24, 2021                    _John F. Keenan_____
                                                    John F. Keenan
                                            United States District Judge