UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAN ZHANG and CHUNMAN ZHANG,
individually, and as ADMINISTRATORS of the
estate of ZHIQUAN ZHANG, deceased,

                            Plaintiffs,                      17-cv-5415 (PKC)

      -against-                                    OPINION AND ORDER

THE CITY OF NEW YORK et al.,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This action was commenced on July 17, 2017. Judge Keenan to whom the case was then assigned, pursuant to the requirements of Rule 16(b)(3)(A), Fed. R. Civ. P., set November 30, 2017, as the date for joinder of additional parties or amendment to the pleading. (Order of October 3, 2017) (Doc. 33) By motion filed October 7, 2022, nearly five years after the deadline, plaintiffs Man Zhang and Chunman Zhang, the surviving sons of Zhiquan Zhang and the administrators of his estate, seek leave to file an amended complaint joining 32 individuals previously identified as Doe defendants.[1] (Docs. 263, 265-1) As explained below, the substitution of named defendants for the Doe defendants is untimely and the amendment would be futile. Accordingly, the motion will be denied.

---

[1] Prior to filing this motion, plaintiffs represented that the sole purpose of amending the complaint would be to replace a series of John and Jane Doe defendants with named individual defendants, and the Court granted leave to file the motion on that understanding. (Doc. 259, 260) However, the Proposed Amended Complaint ("PAC") also contains other substantial changes. For example, paragraphs 180 through 193 include new factual allegations regarding New York State Commission of Correction Reports. Additionally, the PAC reasserts previously dismissed claims. For example, the negligent supervision and fraudulent concealment claims (PAC ¶¶ 216–236) have already been dismissed with prejudice. (Opinion & Order of September 19, 2019, at 18) (Doc. 198) ("Plaintiffs' claims for fraudulent concealment and negligent supervision are also dismissed with prejudice."). No justification for any of these additions has been offered, and they accordingly do not affect the Court's analysis.

BACKGROUND

According to the original complaint, Zhiquan Zhang suffered from medical conditions such as hypertension and coronary disease. In 2015, Zhang was arrested and detained at Rikers Island. As he awaited trial over the next year, Zhang frequently complained to staff about chest pain, as well as pain in his arm and back. On April 18, 2016, while still in custody, Zhang died from hypertensive and atherosclerotic cardiovascular disease. (Doc. 1)

Plaintiffs filed their original complaint on July 17, 2017. (Doc. 1) The complaint named as defendants: the City of New York; the New York City Department of Correction; Rikers Island Facilities; New York City Health and Hospitals Corporation ("NYCHHC"); Corizon Health, Inc. ("Corizon") (collectively the "Municipal Defendants"); Mayor Bill de Blasio; Commissioner Joseph Ponte; NYCHHC President Ram Raju; NYCHHC Senior Vice President Patsy Yang; and Corizon CEO Karey Witty. The complaint also listed three sets of unnamed defendants: (1) NYC Corrections Officers John and Janes Does 1–10; (2) NYCHHC Employees John and Jane Does 11–20; and (3) Corizon Employees John and Jane Does 21–30.

The complaint alleged eight causes of action: (1) a variety of constitutional claims under 42 U.S.C. § 1983, as well as New York state constitutional claims; (2) wrongful death; (3) loss of society, services, and parental guidance; (4) claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"); (5) negligence and malpractice; (6) negligent supervision; (7) infliction of intentional and negligent emotional distress; and (8) fraudulent concealment.

Judge Keenan issued a case management order on October 3, 2017, giving the parties until November 30, 2017, to join additional parties or submit amended pleadings. (Doc. 33) The order set the close of discovery for April 30, 2018. Discovery relating to the Monell

portion of plaintiffs' claims was stayed pending resolution of the underlying claims. (Doc. 118) The discovery deadline was subsequently extended to September 28, 2018, with the exceptions of a few depositions scheduled during October 2018. The final deposition was completed October 23, 2018. (Doc. 166)

In December 2017, defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. (Doc. 62) On June 28, 2018, Judge Keenan granted in part and denied in part the motion to dismiss. Plaintiffs' Fifth Amendment, Eighth Amendment, state constitutional, loss of society, and intentional and negligent infliction of emotional distress claims were dismissed with prejudice. Plaintiffs' Fourteenth Amendment equal protection, ADA, Rehabilitation Act, negligent supervision, and fraudulent concealment claims were dismissed without prejudice. Plaintiffs' Fourteenth Amendment due process claim was dismissed without prejudice as to defendants de Blasio, Ponte, Raju, Yang, and Witty. The following claims survived: (1) a wrongful death claim; (2) negligence and malpractice claims; and (3) Fourteenth Amendment due process claims against a subset of defendants: the Municipal Defendants; NYCHHC Employees Does 11–20; and Corizon Employees Does 21–30. The Opinion and Order stated that if plaintiffs wished to amend their complaint as to any dismissed claim, they would have 30 days to demonstrate (1) how they would cure the deficiencies in the dismissed claims and (2) that justice required granting leave to amend. (Doc. 126)

After multiple extensions (Docs. 136, 147, 170), plaintiffs filed a motion for leave to amend on October 8, 2018. The motion sought to (1) reinstate the Fourteenth Amendment due process claims against defendants de Blasio, Ponte, Ragu, Yang, and Witty, (2) reinstate the negligent supervision claim, (3) reinstate the fraudulent concealment claim, and (4) add the

Vernon C. Bain Center as a defendant. (Doc. 171) Plaintiffs did not seek to substitute named individuals for any of the John and Jane Doe defendants.

The motion for leave to amend was denied on September 19, 2019. Judge Keenan stated that plaintiffs had failed to cure the deficiencies regarding the claims it sought to reinstate and that those three claims were dismissed with prejudice. Further, the request to add the Vernon C. Bain Center as a defendant was moot, as defendants had conceded that it was part of the Rikers Island Facilities. (Doc. 198) Plaintiffs filed a motion for reconsideration of the denial of leave to amend (Doc. 213), and that motion was denied on July 20, 2020 (Doc. 233).

Plaintiffs filed a notice of appeal from the grant in part of the motion to dismiss, the denial of leave to amend, and the denial of the motion for reconsideration of denial of leave to amend.[3] (Doc. 235) Plaintiffs withdrew this appeal on December 3, 2020 (Doc. 247), but the appeal was reinstated on June 1, 2021 (Doc. 253). In February 2022, the Second Circuit dismissed the appeal for lack of jurisdiction as there was no final, appealable order as required by 28 U.S.C. § 1291. (Doc. 254)

The case was transferred to the undersigned on September 7, 2022. The Court set a schedule for the remaining pre-trial proceedings. (Doc. 255) Defendants submitted a pre-motion letter requesting a briefing schedule for a proposed motion for summary judgment. (Doc. 257) In the letter, defendants argued that none of the captioned John or Jane Does had ever been identified, served, or made a party to the suit. In response, plaintiffs sought leave to amend the complaint for the purpose of replacing the John and Jane Doe defendants with individually named defendants. (Doc. 259) The Court granted plaintiffs 14 days to move to amend the

---

[3] This appeal also challenged decisions regarding spoliation of evidence issued by Magistrate Judge Wang.

complaint, set a briefing schedule on the motion, and stayed all pre-trial submissions. (Doc. 260) On October 7, 2022, plaintiffs moved to amend under Rule 15(c)(1)(A), Fed. R. Civ. P., in order to add 32 individuals previously named as John and Jane Doe defendants. (Doc. 263) Defendants oppose the motion. (Doc. 266)

DISCUSSION

Rule 15(a)(2), Fed. R. Civ. P., provides that a "court should freely give leave [to amend] when justice so requires." But Rule 15 is read in conjunction with Rule 16(a), Fed. R. Civ. P., which establishes "expediting disposition of [an] action" as one of the purposes of a pretrial conference. Rule 16(b)(3)(A) states that "[t]he scheduling order must limit the time to join other parties[ or] amend the pleadings." A scheduling order "may be modified only for good cause and with the judge's consent." Rule 16(b)(4). Judge Keenan's Case Management Order set November 30, 2017, as the date for "[a]ny additional joinder of parties" or "[a]ny amendment of the pleadings." (Doc. 33) Plaintiffs did not seek to amend within the time limit set by the Court and no request for an extension was made before its expiration.

In Parker v. Columbia Pictures Indus., the Second Circuit joined other circuits "in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." 204 F.3d 326, 340 (2d Cir. 2000). The diligence of the moving party is an important factor in determining whether good cause has been shown, but it is not the only consideration. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Prejudice to the non-moving party is a relevant consideration, id., but the absence of prejudice is not alone sufficient to demonstrate good cause, Gullo v. City of New York, 540 Fed. App'x 45, 47 (2d Cir. 2013) (summary order).

Here, the record on the motion to amend fails to demonstrate good cause for the belated motion to amend to join 32 additional parties. The motion will be denied on this ground.

Even if this motion were governed by the more generous standard of Rule 15(a), Fed. R. Civ. P., it would nevertheless be denied. "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. "Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017) (internal quotation marks omitted). The party opposing a motion to amend bears the burden of demonstrating that the proposed amendment is futile. See, e.g., Lee v. Kylin Mgmt. LLC, No. 17-cv-7249, 2019 WL 917097, at *3 (S.D.N.Y. Feb. 25, 2019).

Section 1983 claims filed in New York are subject to a three-year statute of limitations. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). Mr. Zhang died on April 18, 2016. The statute of limitations on plaintiffs' section 1983 claims therefore expired April 18, 2019. The limitations period cannot be sidestepped by use of a John or Jane Doe alias "because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (citations omitted). To add a party after the limitations period, plaintiffs' amended complaint must "relate back," as required by Rule 15(c), Fed. R. Civ. P., to the prior, timely-filed complaint. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010).

Plaintiffs argue that the amended complaint relates back under Rule 15(c)(1)(A), Fed. R. Civ. P., which states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back."[4] When determining what law applies under this provision, courts are to "look to the entire *body* of limitations law that provides the applicable statute of limitations." Hogan, 738 F.3d at 518. The relevant law here is New York state law, and New York state law allows "John Doe substitutions *nunc pro tunc*" in this context. Id. at 518–19. N.Y. C.P.L.R. 1024 reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

Plaintiffs argue that under section 1024, their amended complaint is proper. The Court disagrees.

Section 1024 has two requirements. "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Hogan, 738 F.3d at 519 (internal quotation marks omitted). The second requirement is that the original pleading "must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Id. (brackets and internal quotation marks omitted).

Plaintiffs cannot satisfy the first prong as they have not demonstrated due diligence in amending their complaint. Discovery in this case closed September 28, 2018, and

---

[4] Rule 15(c)(1)(C), Fed. R. Civ. P., sets out the general federal rule for relation back when adding a party. Plaintiffs have not argued that the amended complaint relates back under this provision. (Doc. 267) Rule 15(c)(1)(C) requires that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Any attempt to relate back under this provision would be futile; there is no claim here that there was any *mistake* as to the identity of the parties. See Hogan, 738 F.3d at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'")

certain final depositions were allowed through October 23, 2018. Plaintiffs concede that they obtained the names of the individuals who they seek to add as defendants through discovery well before the before the statute of limitations expired on April 16, 2019. (Doc. 264 at 6–9) They moved to amend on October 8, 2018, but did not then seek to substitute named individuals for the Doe defendants. After the final deposition was taken, there were five months before the statute of limitations expired, but plaintiffs still did not seek to join the individuals as parties to the action. Instead, on October 7, 2022—after they were apprised of defendants' intention to move for summary judgment—they moved to join the named individuals as parties. This was over four years after they concede they learned the identities of these individuals, and over three years after the expiration of the statute of limitations.

A plaintiff "cannot avail himself of the benefits of § 1024 where it is clear that he had the names . . . before the statute of limitations had run." Boston v. Suffolk Cnty., New York, 326 F. Supp. 3d 1, 13 (E.D.N.Y. 2018). Section 1024 is available where plaintiffs "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so." Bumpus v. New York City Transit Auth., 883 N.Y.S.2d 99, 104 (2d Dep't 2009); see also Maurro v. Lederman, 795 N.Y.S.2d 867, 870 (N.Y. Sup. Ct. Richmond Cnty. 2005) ("An explicit prerequisite to the use of CPLR 1024 is plaintiff's ignorance of the defendant's name."); Deutsche Bank Nat. Tr. Co. v. Turner, 934 N.Y.S.2d 33 (N.Y. Civ. Ct. Bronx Cnty. 2011) ("If a petitioner knows a party's name . . . then use of a fictitious name is not authorized by CPLR 1024 and the petition is rendered fatally defective as to that party." (internal quotation marks omitted)). Because they "learned the true identities of the John Doe defendants prior to the expiration of the statute of limitations" plaintiffs in this action "cannot rely on § 1024 to toll the statute of limitations." Strada v. City of New York, No.

11-cv-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014). "Section 1024 provides no recourse in such an instance." Id.

Amending the complaint to include these individuals would be futile; the addition of the newly named parties would not satisfy Rule 15(c)(1)(A) and N.Y. C.P.L.R. 1024 and therefore would not relate back to the original complaint. The claims against these individuals would be barred by the statute of limitations and subject to dismissal. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations"). The motion to amend will therefore be denied.

Further, even if the new parties did properly relate back, the motion would also be denied on grounds of undue delay and prejudice. Plaintiffs have not adequately explained they waited until years after securing the identities of these individuals to move to include them in this suit. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (holding that where there is an "inordinate delay" before a motion for leave to amend, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation").

CONCLUSION

Defendants may move for summary judgement on the following schedule: defendants' motion due February 1, 2023, plaintiffs' response due February 24, 2023, and defendants' reply due March 10, 2023.

Plaintiffs' motion for leave to amend the complaint (Doc. 263) is DENIED. The Clerk is directed to terminate Docs. 263 and 269.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 22, 2022