# LAW OFFICES OF DAVID YAN, P.C.
## ATTORNEY AT LAW

David Yan, Esq.  
Members of NY & PA Bars

Tel.: (718) 888-7788  
Email: davidyanlawoffice@gmail.com

January 5, 2023

**VIA CM/ECF**

Honorable Judge P. Kevin Castel  
United States District Court  
Southern District of New York  
500 Pearl Street, Courtroom 11D  
New York, NY 10007

RE: *Zhang, et al. v. The City of New York, et al.*, 1:17-cv-05415-PKC-OTW  
Letter Motion for Conference for Extension of Time to File Local Civil Rule 6.3 for Reconsideration of the Court's 12/22/2022 Opinion & Order Allowing Defendants to Move for Summary Judgment to Dismiss the Complaint without *Monell* Discovery

Dear Honorable P. Kevin Castel:

I represent Plaintiffs in this case referenced above.

[Handwritten annotation: "There is no need for the motion because defendants have disclaimed an intent to move for summary judgment on the facts that underlie plaintiffs' Monell claim and the Court would not permit them to do so. That said, plaintiff is welcome to refile its papers under the proper event." Letter motions (Doc. 276 and 278) terminated. SO ORDERED. [signature] USDJ 1-5-23]

1. <u>Extension of Time for Seven (7) Days to File a Notice of Motion and Memorandum</u>

On December 29, 2022, Plaintiffs moved the Court for reconsideration of the Court's December 22, 2022 Opinion & Order (Dkt. 273) pursuant to Rule 59(e) and Local Civil Rule 6.3, with respect to the limited issue of allowing Defendants to move for summary judgment to dismiss the Plaintiffs' Complaint without allowing Plaintiffs to obtain the necessary *Monell* discovery. (Dkt. 274). Plaintiffs re-filed the motion as the letter along with the exhibits "A" to "M" on December 30, 2022 after the CM/ECF directed the Plaintiffs to re-file the request under the proper event. (Dkt. 276). Defendants opposed the Plaintiffs' motion on January 3, 2023, elevating form over substances.

Accordingly, Plaintiffs hereby request the Court for extension of time for seven (7) days until January 12, 2023 to file a notice of motion for reconsideration or reargument along with a memorandum pursuant to Local Civil Rule 6.3 for the issues already raised in the Plaintiffs' letter motions under docket number 274 and 276. "[A] court has discretion thereunder to grant an extension of time" to file Local Civil Rule 6.3 motion. *Beverley v. N.Y.C. Health & Hosps. Corp.*, 18 Civ. 8486 (ER) (S.D.N.Y. Sep. 25, 2020).

2. <u>Summary Judgment is Premature without *Monell* Discovery</u>

Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6). The Court denied the Defendants' motion to dismiss Plaintiffs' § 1983 claims under the Fourteenth Amendment – Due Process as to the Municipal Defendants, CONY, NYCDOC, Rikers, NYCHHC, and Corizon.

TO: Honorable Magistrate Judge P. Kevin Castel
Re: Letter Motion for Extension of Time to File a Motion for Reconsideration of the Court's 12/22/2022 Opinion & Order allowing Defendants to Move for Summary Judgment without the *Monell* Discovery
Case: *Man Zhang, et al. v. The City of New York, et al.*, 1:17-cv-05415-PKC-OTW
Date: January 5, 2023

(Dkt. 126, at 18-28). Subsequently, the Plaintiffs' Complaint for § 1983 claims under the Fourteenth Amendment – Due Process as to the Municipal Defendants has survived. (Dkt. 198). On September 15, 2022, Defendants intended to move for summary judgment to dismiss the Plaintiffs' complaint under § 1983. Defendants mistakenly stated that "the only defendants in this action are the corporate entities NYCH+H, The City of New York, and Corizon Health, Inc." (Dkt. 257, at 2). Even if the Complaint against certain individual defendants are dismissed due to the denial of the motion to replace named defendants with John Doe and Jane Doe, Plaintiffs' *Monell* claim against the Municipal Defendants will very likely not be dismissed at this time. Under this circumstance, "*Monell* discovery is necessary to determine whether summary judgment on this claim is appropriate." *Maragh v. City of New York,* 11 Civ. 1748, at *2-3 (JBW) (E.D.N.Y. May 16, 2012). It is premature to consider the Defendants' motion for summary judgment to dismiss the Plaintiffs' *Monell* claim against the Municipal Defendants when the Court granted the Defendants' request to bifurcate and stay discovery as to the Plaintiffs' *Monell* claim. *See Demers v. Town of Enfield,* 16 Civ. 1354, at *21-22 (JBA) (D. Conn. Aug. 10, 2018). Actually, courts have denied "defendants' motion for summary judgment regarding plaintiff's municipal liability claim" "[w]hile discovery on the *Monell* claim is still pending". *Bailey v. City of N.Y.,* 79 F. Supp. 3d 424, 454 (E.D.N.Y. 2015).

Defendants relied upon *Mei Ling Lin v. City of New York,* 2015 U.S. Dist. LEXIS 199152 (S.D.N.Y. Nov. 15, 2015) to ask the Court to "continue to stay discovery on any alleged *Monell* claims until the Court has resolved Defendants' anticipated motion for summary judgment on the underlying alleged constitutional violations." (Dkt. 277, at 2). The facts and circumstances of the case of *Mei Ling Lin,* however, are materially distinguishable from the instant case. The case of *Mei Ling Lin* is not about the decedent was denied medical care; but the instant case is. At last, the Defendants' motion to dismiss the Plaintiffs' *Monell* claim against the Municipal Defendants pursuant to Rule 12(b)(6) was denied already; but the defendants in *Mei Ling Lin* had not made any motion to dismiss before *Monell* discovery ever started.

**WHEREFORE**, Defendants should not be allowed to move for summary judgment to dismiss the Plaintiffs' surviving § 1983 claims under the Fourteenth Amendment – Due Process as to the Municipal Defendants, CONY, NYCDOC, Rikers, NYCHHC, and Corizon when Defendants have refused to participate in the *Monell* discovery.

I thank the Court for the time and attention to this request.

Respectfully submitted,

/s/ David Yan
David Yan


cc: Daniel May, Esq., Joseph E. Shmulewitz, Esq., Gabrielle Apfel, Esq. (*via* CM/ECF)